# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BIRON GARVIN,                    )
                                 )
    Petitioner,              )
                                 )
v.                               )    Case No.  CV403-264
                                 )
VICTOR WALKER, Warden,           )
                                 )
    Respondent.              )

## REPORT AND RECOMMENDATION

The Eleventh Circuit has remanded this case for a determination of whether petitioner demonstrated actual innocence and, if so, whether the application of 28 U.S.C. § 2244's one-year statute of limitations constitutes an unconstitutional suspension of the writ of habeas corpus.  Upon the Court's direction, respondent has filed a response.  For the following reasons, the Court recommends that the petition be DISMISSED.

## I.  BACKGROUND

Petitioner was indicted in Chatham County on March 27, 1991.  Resp. Ex. 5 at 108.  He was charged with armed robbery (count one), attempt to

commit armed robbery (count two), and recidivism (count three). Resp. Ex. 5 at 106-107. After a jury trial, petitioner was convicted of armed robbery and attempted armed robbery on August 2, 1991. Resp. Ex. 5 at 189. The court sentenced movant to a life imprisonment for the first count and ten years' imprisonment on the second count, to be served concurrently. Resp. Ex. 5 at 189.

Petitioner filed a direct appeal with the Georgia Court of Appeals. The Court of Appeals rejected his appeal on August 15, 1994. Resp. Ex. 1.

Petitioner then filed a state petition for habeas corpus relief challenging his convictions on September 29, 2000 in the Superior Court of Macon County. Resp. Ex. 2. An evidentiary hearing on his petition was held on October 23, 2001. Resp. Ex. 3 at 1. The state habeas court denied his petition on February 18, 2003. Resp. Ex. 3. Petitioner applied for a certificate of probable cause to appeal from the Georgia Supreme Court, but his application was denied on September 8, 2003.

The instant § 2254 petition was signed and dated by petitioner on December 22, 2003, and filed with this Court on December 31, 2003. Doc. 1. On May 10, 2004, the Court adopted a Report and Recommendation that

recommended dismissal of the petition because it was found to be untimely. Petitioner appealed the Court's ruling to the Eleventh Circuit.

On January 27, 2005, the Eleventh Circuit vacated the Court's decision, finding that the Court had failed to consider petitioner's argument that his petition should not be time barred because he has demonstrated actual innocence. The Eleventh Circuit remanded the case so that the Court could consider whether actual innocence has been demonstrated and, if so, whether the application of 28 U.S.C. § 2244's one-year statute of limitations constitutes an unconstitutional suspension of the writ of habeas corpus. The Court will now address these two limited issues.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas

corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner was convicted on August 2, 1991. His convictions were affirmed on August 15, 1994 by the Georgia Court of Appeals. Petitioner did not file a motion for reconsideration with the Court of Appeals and did not seek a petition for writ of certiorari from the Georgia Supreme Court. His convictions therefore became final on August 25, 1994, when the ten-day period for filing notice of intention to apply for certiorari expired. Ga. Sup. Ct. R. 38(a); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).

The one-year limitations period under AEDPA went into effect on April 24, 1996, after petitioner's convictions became final. Because his

convictions became final before the effective date of the one-year statute of limitations under AEDPA, petitioner had until April 23, 1997 to file his federal habeas corpus petition. Knight v. Schofield, 292 F.3d 709, 710 (11th Cir. 2002); Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).

The instant petition was not filed until December 22, 2003, over five years beyond the deadline for petitioner to file his petition. None of the statutory period was tolled during this time, as petitioner did not seek habeas corpus relief in the state court until September 29, 2000, more than three years after the filing deadline, when there was no longer any remaining time to toll. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The fact that petitioner has not shown a statutory basis for tolling the one-year statute of limitations does not end his claim for relief because §2244(d)'s one year deadline is also subject to equitable tolling. "In order to be entitled to the benefit of equitable tolling, a petitioner must act with

diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (quoting Drew v. Dep't of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002)). Petitioner has not attempted to show that he is eligible for equitable tolling pursuant to these criteria but instead claims that he is eligible because he is actually innocent. See Sibley, 377 F.3d at 1205 (citing Malone v. Oklahoma, 100 Fed.Appx. 795, 797 (10th Cir. 2004) (holding that equitable tolling is appropriate where the petitioner is actually innocent)).

A petitioner may prove actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Under this standard, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.

As evidence of his innocence, petitioner presents the affidavit of Jimmy Lee Drayton, a former fellow inmate of petitioner's. Pet. Exh. 6. In

his affidavit, Drayton states that he committed the offense for which petitioner was convicted. Id. at ¶ 6. Specifically, Drayton states that prior to his incarceration, he "robbed a young black male of a certain large gold chain bearing a cross." Id. at ¶ 5. He further states that he "was never arrested or otherwise prosecuted for this criminal act. However, I later discovered that one Mr. Biron Garvin had been arrested and charged with the very crime I had personally and physically committed." Id. at ¶ 6. Drayton continues, stating that he "alone committed the very act upon the very person, at the very same time, in the very same place, that the innocent Biron Garvin is being held. This man, Biron Garvin, is not guilty as charged, for he could not have acted as charged, for the person then and there acting was me, Jimmy Lee Drayton." Id. at ¶ 9. The affidavit is signed and dated July 23, 1993.

On October 26, 1993, Superior Court Judge Charles Mikell conducted a hearing on petitioner's motion for a new trial, and Drayton's testimony was heard. Resp. Exh. 6 at 574. Drayton testified that he saw the two victims, Cito Fermine and Aaron Tolbert, at the Carousel Club in Savannah on the night of November 28, 1990 and decided that he wanted the necklace

that Fermine was wearing. Id. at 577-78. He stated that he followed them to a phone booth at the intersection of Pennsylvania Avenue and Gwinnett Street and that he and four other black males held two men at gun point and stole a thick gold chain with a cross from Fermine. Id. at 578. He further testified that he and the four other men were driving a red Nissan. Id. at 589. Drayton stated that he kept the necklace for a few months and then sold it. Id. at 581. At the time of the hearing, Drayton was serving a life sentence for a murder conviction. Id. at 584.

Drayton's testimony was inconsistent with other testimony that was presented at petitioner's trial. Specifically, the two victims positively identified petitioner as the person who held them at gunpoint and demanded Fermine's necklace. Resp. Exh. 5 at 266, 274, 276, 309, 312, 367. Moreover, petitioner was later found in possession of a necklace that a number of witnesses identified as Fermine's. Id. at 312-313, 401, 425, 427, 434. In addition, the evidence presented at trial showed that the vehicle driven by the assailants was a red Mazda 323, not a red Nissan. Id. at 370.

Drayton's testimony was also inconsistent with petitioner's own testimony. At his trial, petitioner testified that he was sitting on a friend's

porch on the night of November 22, 1990 when he witnessed an unknown and unidentified assailant approach Fermine at gunpoint on the street outside the Carousel Club and steal Fermine's necklace. Resp. Exh. 5 at 494. Both petitioner and defense witness Joseph Mitchell, Jr. testified to this same story. Id. at 467. Petitioner and Mitchell clearly testified that the man they witnessed being robbed was Fermine. Id. at 467, 494, 501. They testified that Fermine was walking alone on the street and that there was plenty of light to enable them to see. Id. at 467, 469, 494, 501, 504.

Petitioner later testified at the hearing on his motion for a new trial regarding the armed robbery that he witnessed on the night of November 22, 1990. Resp. Exh. 6 at 600-01. At this time, petitioner stated of this robbery: "I don't know. I seen some guys getting robbed." Id. at 601. When asked what happened in that robbery, petitioner replied: "I don't know. I – it was dark. I didn't really see nothing." Id.

Based on a careful review of the record, the Court is not convinced that petitioner has met the burden of showing that it is more likely than not that no reasonable juror would have convicted him in light of Drayton's confession. Because no showing of actual innocence has been made, the

Court will not address the constitutional question. <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218 (11th Cir. 2000) (holding that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence.").

The Court finds that petitioner has not made a sufficient showing of actual innocence, and equitable tolling should not be applied in this case. Rather, the petition should be dismissed as untimely.

## III.  CONCLUSION

Based upon the foregoing, the Court recommends that the instant § 2254 petition be DISMISSED as time-barred.

**SO REPORTED AND RECOMMENDED this** 23rd **day of June, 2005.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# United States District Court
## *Southern District of Georgia*

BIRON GARVIN

_____ )

vs                                    )          CASE NUMBER  CV405-264 _____

VICTOR WALKER, Warden                 )          DIVISION     SAVANNAH _____

_____ )

      The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.    Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.    That the aforementioned enveloped contained a copy of the document dated June 24, 2005 _____, which is part of the official record of this case.

Date of Mailing:    June 24, 2005 _____

Date of Certificate    ☐ same date,    or  _____

    Scott L. Poff,  Clerk

    By: _Nancy J. Sutlive_

    Deputy Clerk

Name and Address

Biron Garvin, UNO#532376, Macon State Prison, P.O. Box 426, Oglethorpe, GA  31068
Chad Eric Jacobs, Esq.
Paula K. Smith, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate